the thing to be performed, though consisting of a number of acts, performance of each must be particularly stated. 3 Chit. Pl. 985, note a; 1 Chit. Pl. 429. For authorities holding that under the plea of non est factum evidence is admissible that the deed was delivered to a third person as an escrow, see 1 Chit. Pl. 424; Puter. Pl. & Prac. (3d Ed.) 391; 2 Greenl. Ev. § 300, and cases cited. Consult also U. S. v. Hammond [Case No. 15,292].

---

UNITED STATES (DALEY v.). See Case No. 3,542.

---

## Case No. 14,914.

UNITED STATES v. DAMIANI et al.

[See Case No. 14,915.]

---

## Case No. 14,915.

UNITED STATES v. DAMIANI et al.

District Court, N. D. Florida. 1869.

INTERNAL REVENUE—TOBACCO—DEALER—DEBT FOR PENALTY—BURDEN OF PROOF— ACT JULY 20, 1868.

*Held,* that any person who keeps leaf tobacco for sale is a dealer, and a single sale is sufficient to fix his character as such: that if such dealer does not keep a book and make returns of his purchases and sales, as required by the 76th section of the act of July 20, 1868 [15 Stat. 158], he becomes liable to the penalty of five hundred dollars prescribed by that section; that in an action of debt for the penalty under that section the jury cannot find a greater sum than five hundred dollars, although the act fixes the penalty at not less than that sum. The plaintiff having proved sales of leaf tobacco by the defendants, and that said defendants had not paid the special tax as dealers in leaf tobacco, and had not procured or kept a book, as required by the act, so far as was known to the assessor of internal revenue, the burden of proof was, by such prima facie case. shifted upon the defendants to show that they had kept such book, and had made the proper returns therein; and, having failed so to do, the jury might infer that no such book was kept by them.

[Decided by FRASER, District Judge. Nowhere reported; opinion not now accessible. The above statement of the decision was taken from 11 Int. Rev. Rec. 5.]

---

UNITED STATES (DANA v.). See Case No. 3,555.

---

## Case No. 14,916.

UNITED STATES v. DANIELS.

[20 Int. Rev. Rec. 136.]

District Court, N. D. Ohio. 1874.

INTERNAL REVENUE—WHOLESALE LIQUOR DEALERS —TAX—DEATH OF PARTNER.

On motion for a new trial.

The firm of Daniels and Son on the 1st day of May, 1873, paid a special tax for the business of wholesale dealers in liquor at Sandusky. The firm consisted of Eve Daniels. the mother, and George Daniels, the son. In August, 1873, Eve died, leaving George her only heir and representative, and also surviving partner, who continued the business at the same place for the remainder of the year in the name of Daniels and Son. Held, that having paid the tax for the whole year, George Daniels was not required to do so again under the law, on the death of his mother and partner, and having been convicted a new trial is granted herein.

Geo. Willey. U. S. Atty.
Homer Godwin, for defendant.

---

## Case No. 14,917.

UNITED STATES v. DANTZLER.

[3 Woods, 719.] [1]

Circuit Court, S. D. Mississippi. Nov. Term, 1877.

REPLEVIN—SEIZURE—FORTHCOMING BOND — SUBSEQUENT SEIZURE.

When property has been seized by a sheriff. by virtue of a writ of replevin issued out of a state court, and released to the defendant upon a forthcoming bond, it is still in the custody of the state court, to abide the result of the replevin suit, and not subject to seizure by the marshal, under a writ of replevin subsequently issued out of a United States court, at the suit of the United States.

In this case a rule was taken upon the United States marshal, requiring him to show cause why he should not discharge from seizure certain logs and lumber taken by him under a writ of replevin sued out of the United States court, in a suit brought by the United States against the defendant [L. N. Dantzler].

J. Z. George and T. W. Price, for the rule.
Luke Lea, U. S. Atty., contra.

HILL, District Judge. The grounds upon which the rule is based are, that before the seizure was made by the marshal, the state of Mississippi had sued out of the circuit court of the county of Jackson, in this state, a writ of replevin against the said defendant, by virtue of which the same logs and lumber were seized by the sheriff, and that under the provisions of the replevin law of the state. the defendant had executed a forthcoming bond, with sureties conditioned for the forthcoming of said property, to abide the judgment of the court in said suit, and that the property was so in his possession, under said bond, at the time of the seizure by the marshal, under the process from this court. There is no controversy as to the facts stated, the only question being whether or not the property so held by the

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]